## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **ASHLEY CHRISTENSEN**, class representative on behalf of herself and others similarly situated,<br><br>                                        Plaintiff,<br><br>v.<br><br>**GROUPON, INC.**, and<br>**FUN TIME, LLC.** d/b/a Wheel Fun Rentals**,** and<br>**DOES 1 through 100**,<br><br>                                        Defendants. | Civil No. 11-cv-00501<br>MJD/JSM<br><br><br>**AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff ASHLEY CHRISTENSEN alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief based upon, *inter alia*, investigation conducted by her attorneys, except as to those allegations which specifically pertain to Plaintiff (which are alleged upon personal knowledge):

### INTRODUCTION

1.        Plaintiff brings this action on behalf of herself and other similarly situated consumers who purchased gift certificates from Groupon, Inc. ("Defendant Groupon"). Groupon-brand gift certificates (referred to and marketed as "Groupons") are sold and issued by Groupon with expiration dates that are deceptive and illegal under both federal law and the laws of Minnesota. Defendant Groupon issues such illegal gift certificates by working with local retailers and service providers such as Defendant Fun Time, LLC, d/b/a Wheel Fun Rentals ("Defendant Wheel Fun Rentals").

1

2.	Defendant Groupon is a web-based company that purports to offer discounted gift certificates to restaurants, bars, salons, spas, gyms, retail stores, dance classes, and other businesses.

3.	Defendant Groupon purports to offer discounts to purchasers by directly partnering with retail businesses that directly provide the products or services listed on gift cards.

4.	Defendant Groupon attempts to increase the sales volume of its retail partners by sending out "Daily Deal" emails highlighting and promoting the products and services of its retail partners to its massive subscription base comprised of tens of millions of consumers nationwide.

5.	Defendant Groupon and its retailer partners such as Defendant Wheel Fun Rentals and Defendants Does share in revenues from the sale of gift certificates or "Groupons."

6.	Plaintiff and other consumers are offered a "Daily Deal" which purports to be a significant discount off of a given retailer's regular price for a particular item or service. The "Daily Deal" or gift certificates do not become valid until a certain number of consumers accept the offer.

7.	If enough consumers agree to purchase a specified number of gift certificates *en masse* for a particular "Daily Deal," the gift certificate then becomes "live," and Defendant Groupon charges each consumer the advertised discounted price. Defendant Groupon then sends a confirmatory email to each purchasing consumer with a link to its website for downloading and printing the gift certificate, which then may be redeemed with the retail business within a specified period of time.

8.	Once the "Daily Deal" is "live," subsequent customers can purchase gift certificates immediately.

2

9.      Defendant Groupon partners with thousands of retail businesses around the country, from large, nationwide companies to local businesses. "Daily Deals" are aimed at particular local areas, such as cities.

10.     The Credit Card Accountability Responsibility and Disclosure Act (the "CARD Act") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq*., specifically prohibit the sale and issuance of gift certificates, such as "Groupons," with expiration dates of less than five years after the date of issuance.

11.     Minnesota Statutes §§ 325G.53 *et seq*., prohibit the sale and issuance of gift certificates with any expiration date.

12.     Upon information and belief, Defendant Groupon and its retail partners sell and issue gift certificates with illegal expiration dates knowing that many consumers will not use the gift certificates prior to the expiration date, and most consumers will not know to take action to enforce the agreement.

13.     Defendant Groupon's systematic placement of expiration dates on its gift certificates is deceptive and harmful to consumers. Consumers must act quickly to purchase gift certificates—usually within a 24-hour period.

14.     As such, consumers, like Plaintiff, feel pressured and are rushed into buying the gift certificates and unwittingly become subject to the onerous sales conditions imposed by Defendant Groupon, including illegal expiration terms that are unconscionably short—often just a few months.

15.     Defendant Groupon and its retail partners rely and prey on the fact that consumers often will not manage to redeem gift certificates before the limited expiration period. Therefore,

many consumers are left with a gift certificate with no value, despite already having paid for the particular service or product.

16.     Defendant Groupon and its retail partners collect a massive monetary windfall from the sale of gift certificates that are not redeemed before expiration, which is precisely the type of harmful business conduct that both Congress and the Minnesota Legislature intended to prohibit.

17.     While Defendant Groupon and its retail partners state that each gift certificate expires within months, they omit the material fact that the gift certificates sold by the Defendants contain an illegal expiration date.

18.     This material omission causes consumers such as Plaintiff and members of the proposed class to refrain from redeeming the expired gift certificate or taking action to enforce the agreement.

19.     Plaintiff, like many unsuspecting consumers nationwide, fell victim to Defendant Groupon's and Defendant Wheel Fun Rentals's deceptive and unlawful illegal conduct and purchased a gift certificate bearing an illegal expiration date.

20.     Defendant Groupon further preys on unsuspecting consumers by including in its boilerplate terms and conditions an arbitration provision that contains a purported class action waiver in an attempt to further insulate itself from liability for its anti-consumer activities as part of its systematic scheme to dissuade or otherwise prevent consumers from bringing litigation to halt its illegal activity.

21.     Based on the foregoing, Plaintiff, on behalf of herself and the Class, brings this class action against Defendant Groupon, Defendant Wheel Fun Rentals and Defendants Does 1 through 100, inclusive (collectively, "Defendants"), for violations of the CARD Act and the

EFTA, 15 U.S.C. §§ 1693 *et seq*.; violations of Minn. Stat. § 325G.53; breach of contract, quasi-contract/restitution, and equitable relief.

22.     Plaintiff seeks damages and equitable relief on behalf of herself and the Class, including but not limited to compensatory and punitive damages, an order enjoining Defendants from selling and issuing gift certificates with expiration dates and other onerous terms, costs and expenses, Plaintiff's reasonable attorneys' fees and expert fees, and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class.

## PARTIES

23.     At all times relevant to this matter, Plaintiff Ashley Christensen resided and continues to reside in the State of Minnesota. During the relevant time period, Ms. Christensen received offers for discounted products and services from Defendant Groupon and purchased a gift certificate based on representations and claims made by Defendant Groupon.

24.     The gift certificate purchased by Ms. Christensen was subject to an illegal expiration date.

25.     Defendant Groupon is a privately-held company incorporated under the laws of the state of Delaware. Defendant Groupon's corporate headquarters is located in Chicago, Illinois.

26.     Defendant Groupon does business throughout the United States including in the State of Minnesota.  Defendant Groupon markets, sells, and issues its gift certificates to millions of consumers throughout the United States, including hundreds of thousands of consumers in Minnesota.

27.      Defendant Wheel Fun Rentals, LLC. d/b/a Wheel Fun Rentals ("Defendant Wheel Fun Rentals") is a Minnesota corporation that operates recreational rental outlets that offer bikes, electric vehicles, motor scooters, small boats, water sport equipment, and beach equipment throughout the State of Minnesota.

28.      During the relevant time period, Ms. Christensen received offers for discounted products and services from Defendant Wheel Fun Rentals by and through Defendant Groupon, and purchased a gift certificate based on representations and claims made by Defendant Wheel Fun Rentals.

29.      The true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, are presently unknown to Plaintiff who therefore sues these Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Each of the Doe Defendants is responsible in some manner for the conduct alleged herein.

## JURISDICTION AND VENUE

30.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2). The matter in controversy in this class action exceeds $5,000,000, exclusive of interest and costs, and some members of the class are citizens of states other than the states in which Defendants are incorporated and have their principal place of business.

31.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S .C. §1367.

32.      This Court has personal jurisdiction over each Defendant because each conducts substantial business in the State of Minnesota. Defendants have specifically marketed, sold and

issued gift certificates in Minnesota, and they have sufficient minimum contacts with this State, and/or sufficiently avail themselves to the markets of this State through their promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

33.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

## FACTUAL ALLEGATIONS

**A.     Defendants Promote, Sell and Issue Gift Certificates with Illegal Expiration Dates**

34.     Since 2008, Defendant Groupon has maintained a "social promotions" website that promises consumers discounted deals on various products and services, purportedly through the power of "collective buying."

35.     To receive the deals offered by Defendant Groupon, consumers must sign up and provide their email address and other personal information to Defendant Groupon.

36.     Close to 40 million people worldwide reportedly have signed up to receive offers from Defendant Groupon.

37.     Each day, Defendant Groupon sends subscribers located in each of the cities in which it operates a "Daily Deal," which is an email promoting the particular products or services of the retail businesses with which it has partnered.

38.     To trigger and/or activate the "Daily Deals," a specified number of gift certificates for the particular product or service offered must be purchased by consumers.

39.     Defendant Groupon sends targeted "Daily Deal" emails to consumers in approximately 90 cities across the United States every day.

40.     To arouse consumer interest and create the urgency to buy gift certificates, Defendant Groupon offers the "Daily Deal" for a limited amount of time—usually a 24-hour period. This creates a "shopping frenzy" among consumers who feel pressured to purchase gift certificates as quickly as possible.

41.     Consumers purchase gift certificates directly through Defendant Groupon's website using their credit or debit cards.

42.     Defendant Groupon also uses electronic social media, such as Facebook and Twitter, to promote and generate demand for its "Daily Deals," creating additional pressure among consumers to buy gift certificates before time runs out.

43.     Once Defendant Groupon sells the specified number of gift certificates for a particular "Daily Deal," the "Deal" is officially started, and consumers are charged for the purchase.

44.     Defendant Groupon subsequently sends a confirmatory email to purchasers with a link to its website, through which purchasers may download and print their gift certificates.

45.     Consumers may also purchase and download gift certificates directly to their mobile phones using an application available on Defendant Groupon's website as well as other places.

46.     The gift certificates may be directly redeemed with the retail businesses such as Defendant Wheel Fun Rentals and Defendants Does who purport to offer the products and services indicated on the gift certificate.

47.     Defendants impose illegal expiration dates, among other onerous conditions, on each gift certificate they sell and issue. The expiration dates on gift certificates are frequently just a few months from the date of purchase.

8

48.     Defendant Groupon, Defendant Wheel Fun Rentals, and Defendants Does know that after they have driven consumers to purchase gift certificates as quickly as possible, many consumers ultimately will be unable to redeem the gift certificates before the expiration date.

49.     Accordingly, consumers often cannot take advantage of and/or use the product or service they paid for before the expiration date imposed by Defendants. This results in a very substantial windfall for Defendants.

50.     In addition to imposing illegal expiration periods, Defendants impose other deceptive and unfair conditions on consumers. Defendants require consumers to redeem gift certificates in the course of a single transaction. Consumers therefore are forced to redeem their gift certificates all at once and cannot use their gift certificates for multiple transactions or on multiple occasions.

51.     Likewise, consumers cannot redeem any unused portion of gift certificates for the cash amount. Defendants essentially place unfair restrictions on the manner in which consumers can redeem the gift certificates for the products and services offered, even though consumers have already paid in full for such products and services.

**B.     Defendant Groupon's Retail Business Partners Agree to Sell Gift Certificates with Illegal Expiration Dates**

52.     Defendant Groupon focuses on two markets: the consumers who wish to obtain the advertised products or services by purchasing gift certificates, and the retail businesses who partner with Defendant Groupon to promote their products and services. These retail businesses, such as Defendant Wheel Fun Rentals and Defendants Does, are willing to partner with Defendant Groupon and offer their products and services at a discount because Defendant Groupon promises to promote their products and services to its huge subscription base and guarantees them a specified volume of business.

53.      In fact, Defendant Groupon promises retail partners like Defendant Wheel Fun Rentals and Defendants Does that its "Daily Deal" promotion will bring them new customers "overnight."

54.      Defendant Groupon partners with both local businesses and large, nationwide companies. Defendant Wheel Fun Rentals and Defendants Does joined forces with Defendant Groupon to promote gift certificates and offer "Daily Deals."

55.      All gift certificates were sold and issued with illegal expiration terms in violation of federal and state laws.

56.      Defendant Wheel Fun Rentals and Defendants Does also worked with Defendant Groupon to promote and sell gift certificates with illegal expiration terms.

57.      Defendant Groupon's business model, particularly its ability to establish partnerships with retail businesses, depends in large part on its systematic use of illegal expiration dates.

58.      Defendant Groupon knows that its retail partners, such as Defendant Wheel Fun Rentals and Defendants Does, are not willing to offer their products and services at a discount to consumers through the sale of gift certificates without an agreement to limit the time period for which consumers can redeem the gift certificates.

59.      Accordingly, Defendant Groupon and its retail partners continue to flout the law by imposing illegal expiration dates on the gift certificates sold to consumers even after being sued over the identical practices approximately one year ago.

60.      Upon information and belief, Defendant Groupon typically takes for itself half, or fifty percent (50%), of the sale of each gift certificate.

10

61.      Defendant Groupon reportedly made half a billion dollars from "Groupon" gift certificate sales in 2010 alone.

**C.     Plaintiff Ashley Christensen Purchased a Wheel Fun Rentals Gift Certificate from Defendant Groupon with an Illegal Expiration Date**

62.      On or about May 27, 2010, Plaintiff Ashley Christensen received a "Daily Deal" email offer from Defendant Groupon for a Wheel Fun Rentals gift certificate.

63.      Under the terms of the "Daily Deal" offer as set forth on Defendant Groupon's website, Ms. Christensen was required to pay fifteen dollars ($15.00) to Defendant Groupon in exchange for a gift certificate purportedly redeemable for thirty-four dollars ($34.00) worth of rentals at any Wheel Fun Rentals location.

64.      Ms. Christensen purchased two gift certificates for Wheel Fun Rentals and made payment of thirty dollars ($30.00) to Defendant Groupon through Defendant Groupon's website.

65.      Ms. Christensen subsequently received an email from Defendant Groupon confirming her purchase of the "Wheel Fun Rentals" gift certificates. The email contained a link to Defendant Groupon's website from which Ms. Christensen downloaded and printed the gift certificates.

66.      Each gift certificate stated that it expired on October 15, 2010. Neither of the gift certificates stated any issuance date.

67.      Ms. Christensen was unable to redeem the gift certificates before the expiration period imposed by Defendant Groupon and Defendant Wheel Fun Rentals.

68.      After the expiration date, Ms. Christensen contacted Defendant Groupon to obtain a refund for the value of the gift certificate.

11

69.     Defendant Groupon apprised Ms. Christiansen that Defendant Groupon would not refund her money but that she could contact Defendant Wheel Fun Rentals to potentially seek a refund.

70.     Ms. Christiansen never received a refund from Defendant Groupon for her expired gift certificates.

71.     Ms. Christiansen never received a refund from Defendant Wheel Fun Rentals for her expired gift certificates.

**D.     Many Customers Are Frustrated by Defendant Groupon's Illegal Terms**

72.     The following represents a small sampling of Internet postings by customers of Defendant Groupon evidencing their frustrations with the expiration dates imposed by Defendant Groupon and its retail partners including Defendant Wheel Fun Rentals and Defendants Does.

*

Groupon charges advertisers so much that in the end it's not worth it. Customers buying certificates pay up front only to find out that the offer is very limited or has expired. I would avoid Groupon and look for other savings from local vendors.

*

This website is clearly a scam. The business model relies on customers purchases expiring and just taking their money. Each Groupon offer should clearly state when the purchase expires, in a way that can not be missed. Entirely dishonest business.

*

As discussed with you the voucher was not redeemed in full. As a customer of Groupon I am totally disgusted at the lack of support received. I entered into this deal in good faith that the counterparty to the deal was fully informed as to what was paid for. For a business which operates on word of mouth this is exactly the kind of event which will make customers stop trusting. I have been robbed and I will certainly never buy anything else. Furthermore I will warn everyone I know against your company and make due complaints on public consumer protection

12

sites so that at least I will save other people from being ripped off like I was.
Please inform your manager.

\*

How about the part where Groupons ads say you get coupons in your email box?
or the part where they delete posts from their forums that point out issues with a deal?
Those are deceptive practices. Giving a refund doesn't change the fact that you can't put
an expiration on a gift card.

**E.    Defendant Groupon's Unconscionable Arbitration Clause and Class Action
Waiver**

73.     Defendant Groupon, on behalf of itself and purportedly on behalf of its retail

partners including Defendant Wheel Fun Rentals and Defendants Does, attempts through

boilerplate terms and conditions to limit an aggrieved consumer's ability to pursue an action

against it in court and instead forces the consumer's claim into arbitration.

74.     At the same time Defendant Groupon attempts to prevent consumers from

bringing actions on behalf of a class of similarly situated individuals regardless of the *de

minimus* amount of damages suffered by each individually aggrieved consumer.

75.     Defendant Groupon's inclusion of an overly broad and unconscionable arbitration

clause that includes a class action waiver is part of its systematic scheme to prevent consumers

from pursuing relief related to the illegal practices of Defendant Groupon and its retail partners,

including Defendant Wheel Fun Rentals and Defendants Does, because they know the cost to

maintain such an action is so cost-prohibitive that the illegal conduct will remain unchallenged.

76.     The arbitration clause as a whole, specifically the class action waiver, violates

Minnesota law because it is procedurally and substantively unconscionable.

77.     Specifically, the class action waiver provision in the terms and conditions

imposed by Defendants: (a) provides that the costs associated with arbitration will be paid by

13

Defendant Groupon only in the event that the arbitrator finds the fees incurred through

arbitration are cost prohibitive when compared to the cost of litigation; (b) attempts to force

disputes that involve predictably small amounts of damages to arbitration when it is obvious or

should be obvious that no rational consumer or attorney would pursue such a small amount on an

individual basis; (c) makes it unlikely that an aggrieved consumer would be able to retain

competent counsel to pursue claims against Defendant Groupon and/or its retail partners,

including Defendant Wheel Fun Rentals and Defendants Does, given the complexity and novelty

of the issues involved; and (d) lacks mutuality of consent  because it is extremely unlikely that

Defendants  would pursue a class action against its customers.

78.       Defendants' arbitration clause, and the class action waiver contained therein, is

unenforceable.

## CLASS ACTION ALLEGATIONS

79.       Plaintiff brings this nationwide class action lawsuit on behalf of herself and the

proposed Class members under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

80.       Plaintiff seeks certification of the following classes (collectively the "Plaintiff

Class" or the "Class"):

National Class

All persons in the United States who purchased or acquired a gift
certificate from Groupon with an expiration date of less than five
years from the date of purchase.

Plaintiff reserves her right to amend this Class definition if
discovery and further investigation reveal that the Class should be
expanded or otherwise modified.

14

Minnesota Plaintiff Class

All persons in Minnesota who purchased or acquired a gift certificate from Groupon with any expiration date.

Plaintiff reserves her right to amend this Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

81.     **Numerosity.** The Plaintiff Class comprises millions of consumers throughout Minnesota  and the United States. The Class is so numerous that joinder of all members of the Classes is impracticable.

82.     **Commonality and Predominance.** Common questions of law and fact exist as to Plaintiff and all Class members and are predominant over any questions which affect only individual members of the Class. These common questions of law and fact include, without limitation.

(a)     Whether Defendants sold and issued gift certificates subject to improper expiration dates;

(b)     Whether Defendants' imposition of expiration dates on gift certificates violates federal and/or Minnesota laws;

(c)     Whether Defendants engaged in deceptive  and unfair business and trade practices related to the imposition of expiration dates on gift certificates and other onerous terms and conditions;

(d)     Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages; and

(e)     Whether Plaintiff and Class members are entitled to declaratory, injunctive, and/or equitable relief.

15

83.        **Typicality.** Plaintiff's claims are typical to the claims of Class members. Plaintiff and the members of the Plaintiff Class sustained damages arising out of Defendants' common course of conduct in violation of law as complained of herein. The damages of each Class member was caused directly by Defendants' illegal conduct as alleged herein.

84.        **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class. Plaintiff is an adequate representative of the Plaintiff Class and has no interests adverse to the interests of absent class members. Plaintiff has retained counsel who have substantial experience and success in the prosecution of complex class action and consumer protection litigation.

85.        **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous actions would engender. Furthermore, the expenses and burden of individual litigants and the lack of knowledge of Class members regarding Defendants' activities would make it difficult or impossible for individual Class members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. The trial and litigation of Plaintiff's claims will be manageable.

## CAUSES OF ACTION

### COUNT I
### Violations of the Credit Card Accountability Responsibility and
### Disclosure Act and Electronic Funds Transfer Act
### (Against All Defendants)

86.     Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

87.     The CARD Act, which amends the EFTA, prohibits the sale or issuance of gift certificates that are subject to expiration dates.

88.     Defendants sold and issued and/or agreed to sell and issue "Groupons," which are "gift certificates" as defined under 15 U.S.C. § 1693*l*-1(a)(2)(B).

89.     "Groupons" constitute promises that are: (a) redeemable at a single merchant or an affiliated group of merchants; (b) issued in a specified amount that may not be increased or reloaded; (c) purchased on a prepaid basis in exchange for payment; and (d) honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

90.     At all relevant times, Defendants' gift certificates were sold and issued to consumers through electronic fund transfer systems established, facilitated, and monitored by Defendant Groupon.

91.     Defendant Groupon gift certificates are not exclusively issued in paper form. Defendant Groupon provides an email link to consumers to download and print such gift certificates and consumers may download gift certificates to their mobile phones or other electronic devices through applications made available by Defendant Groupon.

92.     Defendants' gift certificates are marketed and sold to the general public and are not issued as part of any loyalty, award, or promotional program.

17

93.      Defendants violated the CARD Act and EFTA by selling and issuing and/or agreeing to sell and issue gift certificates with expiration dates.

94.      As a direct and proximate result of Defendants' unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was charged, collected, and retained by Defendants through the sale of gift certificates with illegal expiration dates.

95.      Pursuant to 15 U.S.C. § 1693, Plaintiff, on behalf of herself and the Class, seeks a Court order for injunctive relief, as well as reasonable attorneys' fees and the cost of this action.

**COUNT II**
**Violation of Minn. Stat. § 325G.53**
**(Against All Defendants)**

96.      Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

97.      At all times material hereto, Minn. Stat. § 325G.53 governed the issuance of gift certificates.

98.      Minn. Stat. § 325G.53 states:

It is unlawful for any person or entity to sell a gift certificate that is subject to an expiration date or a service fee of any kind, including, but not limited to, a service fee for dormancy.

99.      The gift certificates or "Groupons" sold to Plaintiff are "gift certificates" within the meaning of Minn. Stat. § 325G.53 because, *inter alia*, they are tangible records evidencing a promise, made for consideration, that goods and/or services would be provided to a consumer, such as Plaintiff and members of the Class, upon redeeming the gift certificates.

100.     Defendants violated Minn. Stat. § 325G.53 each time they sold a gift certificate with an expiration date to Plaintiff and/or any member of the Class.

18

101.     As a result of Defendants' violations of Minn. Stat. § 325G.53 as described

herein, Plaintiff and the Class have suffered actual harm and seek recovery as provided by Minn.

Stat. § 8.31, including but not limited to all damages recoverable at law and attorneys' fees and

costs.

## COUNT III
### Breach of Contract
### (Against All Defendants)

102.     Plaintiff repeats and re-alleges each and every allegation contained above as if set

forth herein.

103.     Plaintiff and members of the Class entered into contracts with Defendants for the

sale of gift certificates.

104.     At no time prior to or after purchase did Defendants require Plaintiff or Class

members to "click" to signify acquiescence to an expiration date, illegal or otherwise.

105.     The term of the contract purporting to set out an "expiration date" is void as a

matter of public policy and is unenforceable.

106.     Defendants have anticipatorily repudiated the contracts they entered into with

Plaintiff and Class members by refusing to honor the contract after a certain date.

107.     Defendant Groupon states on its website that "Once a Groupon reaches its

expiration date, it loses its promotional value."

108.     Defendants refused to honor their contract with Class members after the purported

"expiration dates," even though the provisions containing said dates are not a valid contractual

provisions.

19

109.      Defendants further breached their duty of good faith and fair dealing by intentionally adding expiration dates they knew or reasonably should have known were in violation of federal and state laws.

110.      Plaintiff and the Class members have performed their obligations under the contracts.

111.      Defendants' contractual breaches have caused Plaintiff and the Class economic injury and other damages.

**COUNT IV**
**Quasi-Contract/Restitution**
**(Against All Defendants)**

112.      Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

113.      In the alternative and if the Court deems that a contract does not exist, quasi-contracts exist between Plaintiff and the Class members and Defendant for the sale of gift certificates.

114.      Defendants have received, and continue to receive, benefits at the expense of Plaintiff and the Class members, because Plaintiff and the Class members gave Defendants money in the expectation of promises that Defendants refused and refuse to fully and faithfully execute.

115.      Defendants knowingly and/or recklessly sold and issued and/or agreed to sell and issue gift certificates with illegal, unenforceable expiration dates as contract terms.

116.      Defendants refused and refuse to honor their promises after certain dates and instead retain Plaintiff's and Class members' money paid for their gift certificates.

117.     As a direct and proximate result of Defendants' unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was unlawfully charged, collected, and retained by Defendants.

118.     Plaintiff and the Class are therefore entitled to damages in restitution for the money that Defendant has unjustly received and retained in connection with the sale of the gift certificates.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of the Class, prays for judgment and relief against Defendants as follows:

A.     For an order declaring this a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed classes described herein and appointing Plaintiff to serve as class representative;

B.     For an order enjoining Defendants from continuing to sell and issue gift certificates and pursue the above policies, acts, and practices related to the sale and issuance of such gift certificates;

C.     For an order requiring Defendants to fund a corrective advertising campaign in order to remedy their wrongful and illegal conduct;

D.     For an order awarding damages as restitution for, *inter alia*, the monies Defendants wrongfully acquired by Defendants' imposition of wrongful and illegal expiration dates;

E.     For an order requiring disgorgement of monies wrongfully obtained as a result of Defendants' wrongful and illegal conduct;

F.      For compensatory and punitive damages, including actual and statutory

damages arising from Defendants' illegal conduct;

G.      For an award of reasonable attorneys' fees and all costs and expenses incurred

in the course of prosecuting this action;

H.      For pre-judgment and post-judgment interests at the applicable legal rate; and

I.      For such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

\*                    \*                    \*

Dated: March 4, 2011          Respectfully submitted,

/s Clayton D. Halunen
Clayton D. Halunen
Shawn J. Wanta
HALUNEN & ASSOCIATES
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 605-4098
(612) 605-4099 (fax)

Charles J. LaDuca
Brendan S. Thompson
CUNEO GILBERT &
LADUCA, LLP
507 C Street, NE
Washington, DC 20002
(202) 789-3960
(202) 789-1813 (fax)

Christopher M. Ellis
BOLEN ROBINSON &
ELLIS
2nd Floor
202 South Franklin
Decatur, IL 62523
(217) 429-4296
(217) 329-0034 (fax)

Charles E. Schaffer
LEVIN FISHBEIN SEDRAN
& BERMAN
Suite 500
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500
(215) 592-4663 (fax)

Michael A. McShane
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.576.1776

Michael A. Johnson
MICHAEL A. JOHNSON &
ASSOCIATES
415 North LaSalle Street
Suite 502
Chicago, IL 60610
(312) 222-0660
(312) 222-1656

**ATTORNEYS FOR THE NAMED PLAINTIFF**